**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
LUIS JULIAN MAYIC,                  )
                                    )
                                    )
        Petitioner,                 )
                                    )      Civil Action
v.                                  )      No. 19-12534-PBS
                                    )
THOMAS HODGSON,                     )
Bristol County Sheriff,             )
                                    )
        Respondent.                 )
_____)

**ORDER**

January 22, 2020

Saris, D.J.

Petitioner Luis Julian Mayic brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in Brito v. Barr, No. 19-11314, 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019) ("Brito"). Petitioner argues that his immigration bond hearing did not meet due process standards because he was required to bear the burden of proof, rather than the Government. Petitioner claims he was prejudiced by this error and so is entitled to receive a new bond hearing. Respondent contends that Mayic cannot demonstrate prejudicial injury because there is "ample evidence" that his release would impose a danger to the community and that he is a risk of flight.

1

Docket No. 11 at 11. For the reasons stated below, the Court hereby **ALLOWS** the petition (Docket No. 1) and **ORDERS** that Petitioner be released unless he receives, within ten calendar days, a bond hearing that complies with the requirements of Brito. The Respondent's motion to dismiss (Docket No. 10) is **DENIED**.

## LEGAL STANDARD

Under 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." After ICE makes the initial decision to detain an alien, the alien may request a bond hearing in immigration court at any time before a removal order becomes final. 8 C.F.R. § 236.1(d)(1). In Pensamiento v. McDonald, the Court held that constitutional due process "requires placing the burden of proof on the government in § 1226(a) custody redetermination hearings." 315 F. Supp. 3d 684, 692 (D. Mass. 2018).

In a subsequent class action, Brito v. Barr, the Court entered the following declaratory judgment:

> [A]liens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by the preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community. At the bond hearing, the immigration judge must evaluate the alien's ability to pay in

> setting bond above $1,500 and must consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances.

2019 WL 63333093, at *8. The Court held that class members who had received an unlawful hearing could seek relief by "show[ing] prejudice via an individual habeas petition." Brito v. Barr, 395 F. Supp. 3d 135, 148 (D. Mass. 2019).

To establish prejudice, a petitioner must show that a due process violation could have affected the outcome of the custody redetermination hearing. See Doe v. Tompkins, No. 18-cv-12266, 2019 U.S. Dist. LEXIS 22616, at *3-4 (D. Mass. Feb. 12, 2019) (citing Pensamiento v. McDonald, 315 F. Supp. 3d 692, 693 (D. Mass. 2018); then citing Singh v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011)). The prejudice inquiry requires the court to conduct "an individualized analysis of [the petitioner's] criminal history and personal characteristics." Brito, 395 F. Supp. 3d at 147.

### FACTS

The following facts are undisputed except where stated otherwise.[1]

---

[1] Respondent styled his response to the habeas petition as a motion to dismiss (Docket No. 10). Attached to the motion were several documents not referenced in Mayic's petition. See Docket No. 11-1; Docket No. 11-2; Docket No. 11-3. The Court therefore treats the filing as both a response to the habeas petition and a motion for summary judgment under Fed. R. Civ. P. 56. See Fed. R. Civ. P. 12(d). Because the Petitioner did not contest the

3

Petitioner is a citizen of Guatemala. Docket No. 11-2 at 1. He crossed into the United States via Mexico twice in June 2003, using an alias, and in both instances was permitted to voluntarily return to Mexico. Id. at 3. In March 2007, Petitioner was charged with Larceny and Driving without a License. Id. at 4. He was sentenced to probation and ordered to pay court costs. Id.

In March 2007, Petitioner was also charged with Armed Robbery, Assault and Battery with a Dangerous Weapon, and Larceny. Docket No. 11-1 ¶ 13. Relying on a declaration from David T. Wesling, a Supervisory Detention and Deportation Officer for the U.S. Department of Homeland Security (DHS), Respondent claims that Petitioner failed to appear in court and defaulted on these charges, which were eventually dismissed in December 2016. Id. However, the DHS records attached to the Respondent's motion to dismiss do not provide the factual basis for these charges. See Docket No. 11-2 at 4.

On September 15, 2018, Petitioner was arrested for Operating Under the Influence and Negligent Operation of a Motor Vehicle. Id. The charges were continued without a finding, and Petitioner was given less than a year of probation. Id.[2]

---

facts provided in the Respondent's exhibits, the Court treats them as undisputed.

[2] The Wesling declaration states that Petitioner was charged with twelve months of probation. Docket No. 11-1 ¶ 22. However, the

Petitioner has been held in immigration detention in Massachusetts since November 7, 2019. Docket No. 11-1 ¶ 6. He received a bond hearing on December 3, 2019. Id. ¶ 26. At that hearing, the court declined to release Petitioner on bond. Id. The parties have not specified whether the immigration judge's decision was based upon an assessment of danger to the community, flight risk, or both.[3]

Respondent claims that at a master calendar hearing on January 8, 2020, Petitioner informed the immigration judge that he was fearful of returning to Guatemala. Docket No. 11 at 4. The immigration judge set a hearing for January 22, 2020 to allow Petitioner to file an application for asylum. Id.

Petitioner alleges that he has five brothers and sisters who live in Massachusetts with their families. Docket No. 14 at 3. He also claims that he has resided in Massachusetts for over fifteen years and has been employed throughout this time. Id.

---

DHS records indicate that the probation term ran from June 5, 2019 to March 30, 2020. Docket No. 11-2 at 4.

[3] Going forward, in individual habeas actions filed pursuant to Brito, Respondents shall submit the Order of the Immigration Judge with Respect to Custody in order to inform the Court of the grounds for denial of bail.

5

The records provided by Respondent indicate that the Petitioner was employed as of November 2019. Docket No. 11-2 at 2.

## **DISCUSSION**

In analyzing a detainee's request for a bond redetermination, an immigration judge may consider several factors, including:

> (1) Whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

Petitioner argues that the result of his bond hearing would have been different if the Immigration Court had placed the burden of proof upon the Government. Respondent contends that the petition should be dismissed because the Petitioner cannot demonstrate prejudice. Because liberty is at stake, the Court writes promptly and briefly.

### I. **Danger to the Community**

Brito requires the Government to prove that an alien detained pursuant to Section 1226(a) is dangerous by clear and convincing evidence. See Brito, 2019 WL 6333903, at *4.

Here, Petitioner disputes the Respondent's characterization of the extensiveness and seriousness of his criminal record. Petitioner has never received more than probation for his past offenses. While the 2007 charges including Armed Robbery and Assault and Battery with a Dangerous Weapon are troubling, the Court has no evidence regarding the factual basis of those charges.

Given these disputes, the burden allocation at the custody redetermination hearing "could have affected" the Immigration Court's assessment of dangerousness, which must be found by the heightened burden of clear and convincing evidence. See Doe, 2019 U.S. Dist. LEXIS 22616, at *3-4.

## II. Risk of Flight

Pursuant to the Court's holding in Brito, the Government carries the burden to prove that an alien poses a flight risk by "a preponderance of the evidence." See Brito, 2019 WL 6333903, at *4.

Respondent argues that Petitioner suffered no prejudice from carrying the burden at his bond hearing. Respondent claims that the Immigration Court would have found Petitioner to be a flight risk because he gave a false name upon entry in the United States and failed to appear for proceedings related to the alleged 2007 charges for Armed Robbery, Assault and Battery with a Dangerous Weapon, and Larceny.

7

In response, Petitioner points to his claimed family ties, stating five of his siblings and their families reside in Massachusetts. He also highlights his employment status and length of residence in Massachusetts. The flight risk determination requires balanced consideration of these factors. As such, the burden allocation at Petitioner's hearing could have affected the Immigration Court's assessment of flight risk.

## CONCLUSION

Petitioner was prejudiced by the errors in his bond hearing and therefore is entitled to a new bond hearing. The petition for a writ of habeas corpus is accordingly **GRANTED**. The Court **ORDERS** that Petitioner be released unless he receives, within ten calendar days, a bond hearing that complies with the requirements of Brito v. Barr, No. 19-11314, 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019). The Respondent's motion to dismiss (Docket No. 10) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge